IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Vera Shepard Charlot, | ) | C/A No.: 3:11-579-MBS-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Honorable Michael B. Donley, Secretary of the Air Force; Terry St. Peter; Dawn M. Moore; and Clayton D. Leishman, | ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

Plaintiff, Vera Shepard Charlot, brought this action alleging discrimination, retaliation, hostile work environment, and defamation related to her employment. This matter comes before the court on the following motions: (1) Plaintiff's motion to amend the complaint [Entry #53]; (2) Plaintiff's motion to waive proof of service requirements for the individual defendants [Entry #54]; and (3) Defendants' motion for an extension of time to complete discovery [Entry #76]. All pretrial proceedings in this case were referred to the undersigned on January 1, 2012 pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.).

I.      Plaintiff's Motion to Amend the Complaint

In her motion to amend the complaint, Plaintiff does not submit a proposed new pleading with additional factual allegations, but instead seeks to attach 130 pages of documents to the original complaint to "provide further evidentiary support." [Entry #53]. Plaintiff previously filed a similar motion to amend the complaint [Entry #30],

which was denied without prejudice by United States Magistrate Judge Paige J. Gossett, as the documents appeared "to be more appropriately presented as exhibits in connection with a dispositive motion or at trial." [Entry #34]. The instant motion to amend the complaint seeks to attach many of the same documents as did the prior motion. Plaintiff may file the material as support for facts presented or disputed in a dispositive motion, and/or may propose to use the documents at trial. However, it is not necessary or appropriate to file the documents as attachments to the complaint, particularly without specific reference within the complaint to how each document relates to the allegations. Therefore, Plaintiff's motion to amend the complaint [Entry #53] is denied.

II.     Motion to Waive Proof of Service Requirements for Individual Defendants

In her motion to waive proof of the service requirements, Plaintiff argues that she should be relieved of the obligation to provide proof of service for Terry St. Peter, Clayton D. Leishman, and Dawn M. Moore ("Individual Defendants"), based on a statement from Defendants' counsel that the defendants have received copies of the complaint. In lieu of an answer, Individual Defendants filed a motion to dismiss on October 11, 2011, challenging subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). As such, it appears that Individual Defendants are not challenging service of the summons and complaint or have waived the defense of improper service. See Fed. R. Civ. P. 12(b). Therefore, Plaintiff's motion to waive proof of service for Individual Defendants [Entry #54] is denied as moot.

III.    Motion to Extend Discovery

Defendants have moved to extend the deadline for discovery to accommodate Plaintiff's request to reschedule her deposition and in light of her indication that she plans to retain counsel. [Entry #76]. Defendants' motion is granted and an amended scheduling order will be entered as a separate docket entry.

Plaintiff is specifically advised that failure to retain counsel does not relieve her from any obligation to this court, including complying with the applicable scheduling order. The court deems Plaintiff to be proceeding pro se unless and until she retains an attorney. If Plaintiff obtains no attorney to represent her interests, the court will continue to expect this litigation to be conducted in accordance with all provisions of the Federal Rules of Civil Procedure, the Local Civil Rules, and court orders. Further, the court is unable to provide Plaintiff with legal advice. Failure to comply with court rules, including the discovery rules, could have serious consequences including, but not limited to, striking a claim, defense, pleading, dismissing the action for lack of prosecution, holding the party in default, and/or monetary sanctions.

IV.    Conclusion

For the foregoing reasons, (1) Plaintiff's motion to amend the complaint [Entry #53] is denied; (2) Plaintiff's motion to waive proof of service requirements for the individual defendants [Entry #54] is denied as moot; and (3) Defendants' motion for an extension of time to complete discovery [Entry #76] is granted.

    IT IS SO ORDERED.

February 24, 2012                        Shiva V. Hodges
Columbia, South Carolina          United States Magistrate Judge