IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Vera Shepard Charlot, | ) | C/A No.: 3:11-579-MBS-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Honorable Michael B. Donley, Terry St. | ) | |
| Peter, Dawn M. Moore, and Clayton D. | ) | |
| Leishman, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter comes before the court on the motion to dismiss Plaintiff Vera

Shepard Charlot's complaint pursuant to Fed. R. Civ. P. 12(b)(1) filed by U.S. Air Force

employees Terry St. Peter, Clayton D. Leishman, and Dawn M. Moore ("Individual

Defendants") on October 11, 2011. [Entry #42]. All pretrial proceedings in this case were

referred to the undersigned on January 1, 2012 pursuant to the provisions of 28 U.S.C. §

636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.). Because the motion to

dismiss is dispositive, this report and recommendation is entered for the district judge's

consideration. For the reasons that follow, the undersigned recommends the district

judge grant the motion to dismiss.

I.      Factual and Procedural Background

Plaintiff filed this action alleging racial discrimination, retaliation,

harassment/hostile work environment, and defamation against defendants. In 2009,

Plaintiff was a civilian employee of the Department of the Air Force, assigned to work at

Fort Jackson, South Carolina. Specifically, she worked as a Training Technician (Office Automation) with the Defense Language Institute English Language Center at Fort Jackson. As set forth in the Complaint, Individual Defendants were all supervisors in her chain of command with the U.S. Air Force in 2009, at the time of the events giving rise to the complaint. Specifically, in 2009, Leishman was Plaintiff's first line supervisor, Moore was Leishman's immediate supervisor and Plaintiff's second line supervisor, and St. Peter was the Deputy Commandant of the Language Center. Compl. at ¶¶ 1, 3(b), 3(c) [Entry #1].

The First through Third Causes of Action complain of discrimination, retaliation, and a hostile work environment. *Id.* at 3–8. The Fourth Cause of Action alleges defamation of character by statements Leishman and Moore allegedly made in the course of the Investigations and Resolutions Division (IRD)[1] investigation of Plaintiff's complaints. *Id.* at 8–9.

The Individual Defendants filed this motion on October 11, 2011, arguing that Title VII is the exclusive remedy for claims of discrimination in federal employment. They further argue that Title VII limits employment discrimination claims to the head of the department, agency, or unit and that they should be dismissed. Plaintiff filed responses in opposition to the motion to dismiss on November 17, 2011 and January 10, 2012. [Entry #56, #70]. On February 24, 2012, the court directed Individual Defendants to file a memorandum clarifying whether they were seeking a dismissal of Plaintiff's

---

[1] The IRD is a division of the U.S. Department of Defense that investigates Title VII discrimination complaints against the U.S. Air Force. [Entry #42-1 at 2].

defamation claim based on preemption by Title VII. Individual Defendants filed a supplemental memorandum on March 8, 2012. [Entry #84]. This matter is now ripe and ready for adjudication.

II.    Discussion

    A.    Standard of Review

When a Rule 12(b)(1) motion is raised as to the factual basis for subject matter jurisdiction, the plaintiff bears the burden of proving jurisdiction exists. *Richmond, Fredericksburg & Potomac R. Co. v. U.S.*, 945 F.2d 765, 766 (4th Cir. 1991). In evaluating a challenge to jurisdiction under Rule 12(b)(1), the court can go beyond the face of the complaint and consider evidence without converting the proceeding to one for summary judgment. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982); *see also Richmond*, 945 F.2d at 768.

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim

currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

      B.     Discussion

It is well-established that Title VII is the exclusive remedy for discrimination in federal employment. *See Brown v. Gen. Services Admin.*, 425 U.S. 820, 829 (1975) (Title VII is the "exclusive, preemptive administrative and judicial scheme for redress of federal employment discrimination"); *Pueschel v. U.S.*, 369 F.3d 345, 353 (4th Cir. 2004) (Title VII "provides the exclusive judicial remedy for claims of discrimination in federal employment."); *see also Signal v. Gonzales*, 430 F.Supp.2d 528 (D.S.C. 2006) (although plaintiff attempted to bring this employment discrimination claims under a number of statutes, the exclusive remedy for employment discrimination claims by federal employees is Title VII). Therefore, because it is her exclusive remedy for employment discrimination, Plaintiff's claims for discrimination, retaliation, and harassment are construed as brought pursuant to Title VII.

Title VII limits employment discrimination actions such as this to the head of the department or agency, providing that a complainant "may file a civil action as provided in section 2000e-5 of this title, in which civil action the head of the department, agency or unit, as appropriate, shall be the defendant." 42 U.S.C. § 2000e-16(c). Thus, in any suit alleging employment discrimination by federal personnel, the only proper defendant is the head of the agency, in this case, the Secretary of the Air Force. *Gardner v. Gartman*, 880 F.2d 797 (4th Cir. 1989) (employee of the Naval Aviation Depot was required to name the Secretary of the Navy as defendant in her Title VII action for sex

discrimination; action against the commanding officer of the Depot was dismissed).

Additionally, Plaintiff's claim for defamation against Leishman and Moore should be dismissed, as the alleged defamatory statements were made in connection with the IRD's investigation of Plaintiff's complaints of discrimination. *See, e.g., Baqir v. Principi,* 288 F.Supp.2d 706 (W.D.N.C. 2003) (finding that a defamation claim that relied on allegations central to the Plaintiff's Title VII claims was preempted by Title VII). Although the Fourth Circuit has not addressed whether specific state law tort claims such as defamation are preempted by Title VII, many district courts within the Fourth Circuit have found that state law claims arising out of the same allegations as Title VII claims are preempted. *See id.*; *Daniels v. McHugh*, No. 3:09-182-JFA-JRM, 2011 WL 939228 (D.S.C. 2011); *Gordon v. Gutierrez*, No. 1:06cv861, 2006 WL 3760134 (E.D.Va. 2006).

Here, there is direct overlap in the allegations related to Plaintiff's Title VII claims and her defamation claim. For instance, Plaintiff refers to defendant Leishman's involvement of military police in her defamation claim and discrimination claims. Compl at ¶¶ 2, 13–15 [Entry #1]. Plaintiff also alleges Leishman and Moore made defamatory statements about her in recommending she be suspended and during the IRD's investigation, both of which are factually intertwined with her claims of discrimination and retaliation. *Id.* at ¶¶ 15, 17–18. Therefore, because the factual allegations for both Plaintiff's discrimination and defamation claims are sufficiently intertwined, Title VII preempts the defamation claim. Any other result would allow Plaintiff to re-allege the Title VII claims as tort claims, which result preemption seeks to avoid.

III.    Conclusion

For the foregoing reasons, the undersigned recommends the Individual Defendants' motion to dismiss [Entry #42] be granted and they be dismissed from this action.  Additionally, Plaintiff's defamation claim should be dismissed as preempted by Title VII.  If the district judge accepts this recommendation, the Honorable Michael B. Donley will remain in this case as the sole defendant for Plaintiff's remaining Title VII claims.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

March 20, 2012                                          Shiva V. Hodges
Columbia, South Carolina                          United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).