IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Vera Shepard Charlot ) | |
| ) | C.A. No. 3:11-579-MBS-SVH |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| Honorable Michael B. Donley, Terry St. ) | |
| Peter, Dawn M. Moore, and Clayton D. ) | |
| Leishman ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Vera Shepard Charlot ("Plaintiff") is a former civilian employee of the Department of the Air Force. On March 10, 2011, Plaintiff, proceeding pro se, filed a complaint against the Honorable Michael B. Donley, Terry St. Peter, Dawn M. Moore, and Clayton D. Leishman ("Defendants"), alleging causes of action for discrimination, retaliation, hostile work environment, and defamation. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the within action was referred to United States Magistrate Judge Shiva V. Hodges for pretrial handling. This matter is before the court on Defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(1).

**Background**

Plaintiff was employed as a Training Technician with the Defense Language Institute English Language Center ("DLIELC") at Fort Jackson, South Carolina, in 2009. Defendants were her supervisory chain of command in the United States Air Force at the time of the events set forth in Plaintiff's complaint. Specifically, Defendant Michael B. Donley is Secretary of the Air Force; Defendant Leishman was Plaintiff's direct supervisor; Defendant Moore was Leishman's immediate supervisor and Plaintiff's second line supervisor; and Defendant St. Peter

was the Deputy Commandant of the Language Center. Compl. at ¶¶ 1, 3(b), 3(c). Plaintiff alleges that Defendants discriminated against her based on race between April 2009 and January 2011 and, in doing so, retaliated against her, created a hostile work environment, and defamed her. Id. at 3-8. Specifically, she alleges that on April 7, 2009 and October 16, 2009, she was required to use fifteen minutes of annual leave time after arriving late to work, whereas white employees were not treated in this manner. Plaintiff also claims that on August 19, 2009 and September 2, 2009, she was denied access to DLIELC while on medical leave, whereas a white employee on maternity leave was not denied access. Furthermore, Plaintiff alleges that the aggressive behavior of Defendant Leishman created a hostile work environment and that the resulting stress required her to take a thirty-day medical leave of absence.

Plaintiff further alleges that after she filed an internal Equal Employment Opportunity ("EEO") complaint in May 2009, a Congressional inquiry with Congressman John Spratt in November 2009, and a complaint with the Inspector General in December 2009, Defendants Leishman, Moore, and St. Peter began retaliating against her. Plaintiff alleges that Defendant Leishman improperly denied her eight hours of leave to travel from Georgia back to Fort Jackson after she became ill and instead charged the time as "absent without leave." Further, Plaintiff alleges that in September 2009, Defendant Leishman suggested to Defendant Moore that she suspend Plaintiff for ten days without pay based on false allegations. Plaintiff alleges that Defendant Moore recommended a fourteen day suspension for Plaintiff to Defendant St. Peter without contacting Plaintiff to verify the allegations underlying the suspension. Further, Plaintiff alleges that Defendants Leishman and St. Peter improperly prevented her from going to the battalion area of the base in retaliation. Plaintiff also alleged that Defendant Moore informed Plaintiff that she should not contact her, despite her role as Plaintiff's second level supervisor.

Plaintiff claims that the events constituting defamation began in August 2009.  Plaintiff alleges that on August 19, 2009, Defendant Leishman called the Military Police to remove Plaintiff from DLIELC offices, which Plaintiff claims resulted in public embarrassment and reputational damage.  Plaintiff also alleges that Defendant Leishman falsely told others that Plaintiff was a threat and that she had attempted to evade Military Police when they arrived to escort her from DLIELC offices.  Plaintiff claims that Defendant Leishman then made additional false statements to Defendant Moore in his proposal for a ten-day suspension of Plaintiff from DLIELC.  Furthermore, Plaintiff claims that Defendant Moore defamed her by referring to Plaintiff as "crazy" during the Investigations and Resolutions Division's investigation of Plaintiff's complaint.

On October 11, 2011 Defendants filed a motion to dismiss Defendants Leishman, Moore, and St. Peter from the action pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.  As to the defamation claim, Defendants argue that Title VII is the exclusive remedy for federal employment discrimination claims.  Further, Defendants contend that the head of the Air Force, Defendant Michael B. Donley, is the only appropriate defendant as to the Title VII claims.

In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Magistrate Judge issued an order on October 12, 2011 notifying Plaintiff of the consequences of failing to respond to Defendants' motion to dismiss.  On November 17, 2011, Plaintiff filed a response in opposition to Defendants' motion to dismiss.  On February 24, 2012, the Magistrate Judge filed an order requesting that the parties submit additional briefing on the defamation preemption issue.  On March 8, 2012, Defendants filed a supplemental memorandum addressing this issue.  Plaintiff did not submit additional briefing.

On March 20, 2012, the Magistrate Judge issued a Report and Recommendation in which she recommended that Defendants' motion to dismiss the individual Defendants be granted. The Magistrate Judge recommended that Plaintiff's discrimination, retaliation, and harassment claims be construed as brought pursuant to Title VII, as Title VII is the exclusive remedy for discrimination in the context of federal employment. See Brown v. Gen. Services Admin., 425 U.S. 820, 829 (1975). The Magistrate Judge found that Plaintiff's defamation claim was preempted by Title VII and that all Defendants except for Michael B. Donley were not proper defendants as to a Title VII claim against the federal government. On April 6, 2012, Plaintiff filed objections to the Report and Recommendation.

## Discussion

*Standard of Review*

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the report or specified proposed findings or recommendations to which an objection is made. The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

When a Rule 12(b)(1) motion is raised as to the factual basis for subject matter jurisdiction, the plaintiff bears the burden of proving that jurisdiction exists. Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 766 (4th Cir. 1991).

*Proper Defendant in Title VII Claim*

The Magistrate Judge recommended that Defendants Leishman, Moore, and St. Peter be dismissed as to the Title VII claim, leaving only Defendant Michael B. Donley, based on the fact that the head of an agency is the only proper defendant in discrimination claims against federal employers. Plaintiff presents no argument as to why her Title VII claim is permissible against her individual supervisors.

The court agrees with the Magistrate Judge. In Title VII claims against the United States, a party may only file a civil action in which the head of the department, agency or unit, as appropriate, shall be the defendant. 42 U.S.C. § 2000e-16(c). Accordingly, in any suit alleging employment discrimination by an employee of the Air Force, the only proper defendant is the Secretary of the Air Force. See Gardner v. Gartman, 880 F.2d 797 (4th Cir. 1989). Plaintiff's Title VII claims against Defendants Leishman, Moore and St. Peter are dismissed.

*Plaintiff's Defamation Claims*

The Magistrate Judge recommended that Plaintiff's defamation claims against Defendants Leishman and Moore be dismissed because the claim is preempted by Plaintiff's Title VII discrimination claims. Plaintiff objects to the dismissal of her defamation claims. She contends that the defamatory conduct of Defendants Leishman and Moore was highly personal, in that it was repeated, flagrant, and injurious to her personal reputation. Plaintiff does not, however, object to the dismissal of Defendant St. Peter as a defendant, conceding that there are no state tort claims against him that do not overlap with the Title VII claims.

The Magistrate Judge cited to Baquir v. Principi, 288 F. Supp. 2d 706 (W.D.N.C. 2003) for the proposition that Plaintiff's defamation claims are preempted by Title VII pursuant to Brown, because the defamation claims were made in connection with Plaintiff's discrimination

5

claims.

In <u>Brown v. General Servs. Admin.</u>, 425 U.S. 820, the Supreme Court held that Title VII is "an exclusive, pre-emptive administrative and judicial scheme for the redress of federal employment discrimination." <u>Id.</u> at 829. The Fourth Circuit has indicated that constitutional tort claims which seek to redress federal employment discrimination are preempted by Title VII under <u>Brown</u>. See <u>Johnson v. Runyon</u>, No. 95-3083, 1996 WL 405218, at *2 (4th Cir. July 19, 1996). Further, the Fourth Circuit has noted that federal tort claims which seek relief for harms suffered as a result of discrimination in federal employment are also preempted by Title VII. <u>See Pueschel v. United States</u>, 369 F.3d 345 (4th Cir. 2004) (holding that Plaintiff's federal tort claims for intentional and negligent infliction of emotional distress were preempted by his Title VII discrimination claim, because the emotional distress was a direct result of the discrimination.)

The Fourth Circuit has not yet interpreted <u>Brown</u> in the context of state law claims. <u>Pueschel</u> may be read to imply that the Fourth Circuit would find that state law torts for intentional or negligent infliction of emotional distress are also preempted if the distress is the direct *result* of discrimination in federal employment. Nonetheless, the more specific issue in this case is whether the scope of <u>Brown</u> extends to preempt causes of action of a highly personal nature that are unrelated to discrimination but that arise out of a similar set of facts as the discrimination claim. There is no Fourth Circuit precedent to guide the court; however, the court acknowledges the circuit split as to this issue.

In <u>Mathis v. Henderson</u>, 243 F.2d 446 (8th Cir. 2001), the Eighth Circuit found that pursuant to <u>Brown</u>, any claim based on the same factual allegations as those supporting a Title VII claim was preempted by Title VII. The Eighth Circuit cited to the Fifth Circuit's decision in

Pfau v. Reed, 125 F.3d 927, 933 (5th Cir. 1997), in which the Fifth Circuit stated that "when the same set of facts supports a Title VII claim and a non-Title VII claim, Title VII preempts the non-Title VII claim."

Other courts, however, have interpreted the preemptive reach of Brown more narrowly. In Brock v. United States, 64 F.3d 1421, 1423 (9th Cir. 1995), the court held that a state law tort claim for battery based on sexual assault was not preempted by a Title VII discrimination claim, even if both claims arise out of the same set of facts. The Brock court reasoned that "Title VII is not the exclusive remedy for federal employees who suffer 'highly personal' wrongs, such as defamation, harassing phone calls, and physical abuse. . . . When the harms suffered involve something more than discrimination, the victim can bring a separate claim." In Kibbe v. Potter, 196 F. Supp. 2d 48, 69 (D. Mass. 2002), the court held that plaintiff's claim of assault and intentional infliction of emotion distress were highly personal causes of action that are not preempted by Title VII. The Kibbe court noted that the First Circuit has interpreted Title VII as supplementing, not supplanting, existing rights. Id.

Similarly, many district courts permit common law tort claims to coexist with Title VII federal employment discrimination claims when the tort claims are "highly personal" offenses that go beyond the meaning of discrimination. See Boyd v. O'Neil, 273 F. Supp. 2d 92 (D.D.C. 2003) (finding that Title VII did not preempt state law tort claims because Title VII exists to redress employment discrimination while common law tort theories are aimed to amend personal injuries, noting that permitting both claims is not double recovery if conduct resulted in two distinct types of harm); Stewart v. Thomas, 539 F. Supp. 891, 896 (D.D.C. 1982) (explaining that "a highly personal violation beyond the meaning of 'discrimination' is separately actionable"); see also Roland v. Potter, 366 F. Supp. 2d 1233, 1236 (S.D. Ga. 2005) (dismissing

plaintiff's intentional infliction of emotional distress claim, because the claim was not of a "highly personal" nature). In <u>Wallace v. Henderson</u>, 138 F. Supp. 2d 980, 986 (S.D. Ohio 2000), the court noted that the Supreme Court did not indicate in <u>Brown</u> that it intended to preclude plaintiffs from bringing claims which, although based on the same facts and circumstances as the Title VII claim, are based on a violation of a distinct and independent right.

District courts within the Fourth Circuit are also divided on this issue. See <u>Beatty v. Thomas</u>, No. 2:05-71, 2005 WL 1667745, at *7 (E.D. Va. June 13, 2005) (citing <u>Brock</u> and also noting that Plaintiff's allegations of defamation were not preempted by Title VII because they were not solely claims of employment discrimination); <u>Baird v. Haith</u>, 724 F. Supp. 367, 373 (D. Md. 1988) (holding that although the reach of <u>Brown</u> is broad, it cannot act to preempt causes of action which, while arising from the same set of facts, are completely distinct from discrimination); <u>but</u> <u>see</u> <u>Baquir v. Principi</u>, 288 F. Supp. 2d 706, 709 (W.D.N.C. 2003) (holding that state tort law causes of action, including defamation, that rely on the same conduct that forms the basis for a Title VII claim are preempted.) In <u>Schoolcraft v. Wabtec Passenger Transit</u>, No. 7:11-0294-TMC, 2011 WL 5909943, at *2 (D.S.C. Nov. 28, 2011), the court held, albeit in the context of remanding a state law action pursuant to private employment, that where an anti-discrimination suit provides an exclusive remedy, a plaintiff may still proceed with state law claims in order to vindicate personal injuries that extend beyond discrimination in the workplace (citing <u>Otto v. Heckler</u>, 802 F.2d 337 (9th Cir. 1986)).

The court finds the views expressed by the Ninth Circuit in <u>Brock</u> and its progeny are persuasive. With regard to federal employment discrimination, Title VII claims do not preempt common law torts of a highly personal nature, such as defamation, even if both claims arise from the same set of facts. In the instant case, Plaintiff's defamation claim against Defendants

8

Leishman and Moore seeks to remedy her reputation, which is a highly personal harm distinct from the harm that her Title VII claim seeks to address.

## Conclusion

After a thorough review of the Report and Recommendation, Plaintiff's objections, and the record in its entirety, the court adopts in part and rejects in part the Report and Recommendation of the Magistrate Judge. The court construes Plaintiff's discrimination, retaliation and hostile work environment claims as brought pursuant to Title VII. The court finds that the only appropriate Defendant as to Plaintiff's Title VII claims is Michael B. Donley. Plaintiff's Title VII claims are dismissed as to the other Defendants. As the court finds that Plaintiff's defamation claim is not preempted by Title VII, Defendants Leishman and Moore remain party Defendants as to the defamation claim. There are no remaining claims distinct from the Title VII claim alleged against Defendant St. Peter. As such, Defendant St. Peter is hereby dismissed from the case. The case is recommitted to the Magistrate Judge for further pretrial handling.

**IT IS SO ORDERED.**

s/ Margaret B. Seymour
Margaret B. Seymour
Chief United States District Judge

August 9, 2012
Columbia, South Carolina