IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Vera Shepard Charlot, | ) | C/A No.: 3:11-579-MBS-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Honorable Michael B. Donley, Secretary of the Air Force; Dawn M. Moore; and Clayton D. Leishman, | ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

Vera Shepard Charlot ("Plaintiff") filed this employment action against the Honorable Michael B. Donley, Secretary of the Air Force, Dawn M. Moore, and Clayton D. Leishman asserting claims for (1) race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII"); (2) retaliation in violation of Title VII; (3) hostile work environment in violation of Title VII; and (4) defamation. [Entry #1]. This matter comes before the court on: (1) Plaintiff's motion to compel the deposition of government witnesses and extend the time for discovery [Entry #110]; and (2) Plaintiff's motion to vacate the undersigned's order granting Defendants additional time to answer the complaint [Entry #126].

I.     Motion to Compel

Plaintiff has moved the court to compel the depositions of government witnesses. On June 15, 2012, Plaintiff served Defendants with notices of deposition for June 26, 2012. [Entry #110-3]. Plaintiff noted the approaching deadline for discovery in her letter.

*Id*. On June 20, 2012 counsel for Defendant sent Plaintiff a letter advising of potential problems with scheduling the depositions, but indicating that she was checking on the deponents' availability. [Entry #110-2]. Before Plaintiff received counsel's letter responding to the notices, she voluntarily withdrew the notices by letter dated June 21, 2012. [Entry #110-3] (stating that "[d]ue to recent events and after a thorough review of the record of investigation, I have decided to withdraw my request to depose government witnesses and management officials . . . on June 26, 2012."). On June 22, 2012, Plaintiff received counsel's June 20, 2012 letter. [Entry #110]. On June 27, 2012 the deadline for the close of discovery, Plaintiff filed the instant motion to compel.

Because Plaintiff voluntarily withdrew the notices of deposition, she has failed to show that Defendants have not made the deponents available. Plaintiff indicated that she was content to move forward without the depositions, and she only moved to compel after she was informed that counsel was having difficulties scheduling the depositions. [Entry #110-3]. In light of Plaintiff's voluntary withdrawal of the deposition notices, Plaintiff's motion to compel is moot. Additionally, her motion for an extension or other modification of the discovery procedure based on the motion to compel is also therefore moot.

II.     Motion to Vacate

On October 11, 2011, Moore and Leishman ("Individual Defendants") filed a motion to dismiss in lieu of an answer. On August 9, 2012, the Honorable Margaret B. Seymour denied the motion to dismiss with regard to Plaintiff's defamation claim. On August 20, 2012, counsel for the Individual Defendants requested an extension of time to

file an answer to the complaint in order to consult with the Individual Defendants and determine whether the United States should be substituted pursuant to the Westfall Act. The undersigned granted the extension request. [Entry #123].

Plaintiff moves to vacate the undersigned's order granting the extension. Her motion is based on her argument that counsel for Individual Defendants had ample time to address this matter. Plaintiff also cites to one of the undersigned's prior orders that granted Plaintiff an amendment to the scheduling order and noted that "no further amendments to the scheduling order will be granted absent exceptional circumstances." [Entry #106]. The undersigned previously extended the deadlines in this case pursuant to Plaintiff's requests and/or delays. *See e.g.*, Entry #61, #68, #81, #100, #106. Additionally, Individual Defendants' extension request related to one deadline that was not contained in the scheduling order and was not a request for an amendment to the scheduling order. Plaintiff's motion to vacate the order granting Individual Defendants an extension is denied.

III.    Conclusion

For the foregoing reasons, Plaintiff's motion to compel and to extend the discovery deadline [Entry #110] is moot and her motion to vacate [Entry #126] is denied.

IT IS SO ORDERED.

*Shiva V. Hodges*

January 31, 2013                                         Shiva V. Hodges
Columbia, South Carolina                         United States Magistrate Judge