IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Vera Shepard Charlot, | ) | C/A No.: 3:11-579-MBS-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Honorable Michael B. Donley, Secretary of the Air Force, | ) | |
| | ) | |
| Defendant. | ) | |

Vera Shepard Charlot ("Plaintiff"), proceeding pro se, filed this employment action against the Honorable Michael B. Donley, Secretary of the Air Force ("Defendant"), and other individual defendants, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII"), and a state law defamation claim. [Entry #1]. The only remaining claim is Plaintiff's Title VII retaliation claim against Defendant.

This matter comes before the court on Defendant's motion to dismiss/for summary judgment. [Entry #141].[1] The motion having been fully briefed [Entry #144], it is ripe for disposition.

All pretrial proceedings in this case were referred to the undersigned on January 1, 2012, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.). Because the pending motion is dispositive, this report and

---

[1] Defendants Dawn Moore and Clayton Leishman also joined in filing the motion, but have since been dismissed from the case. [Entry #145].

recommendation is entered for the district judge's consideration. For the reasons that follow, the undersigned recommends that Defendant's motion to dismiss/for summary judgment [Entry #141] be granted and the case be dismissed in its entirety.

I.     Factual Background

Plaintiff is an African-American female who has been employed since February 5, 2007, as an Education and Training Technician for the Defense Language Institute's English Language Center ("DLI") at Fort Jackson, South Carolina. [Entry #111-3 at 1]. During the relevant time period, Plaintiff's immediate supervisor was Clayton Leishman and her second-line supervisor was Dawn Moore. *Id.* The facts pertinent to Plaintiff's claims are set forth in detail in the Report and Recommendation issued by the undersigned on January 31, 2013. [Entry #137].

On July 24, 2009, Plaintiff filed a complaint of discrimination with the Equal Employment Opportunity Commission ("EEOC"). [Entry #111-18 at 1]. On October 28, 2010, the EEOC issued a Decision on Record ("Decision") concluding Plaintiff had not been subjected to harassment, retaliation, or a hostile work environment. [Entry #141-6 at 1–29]. The Department of the Air Force adopted the Decision as its final order on December 9, 2010. [Entry #1-3 at 2–4]. Plaintiff timely commenced this action on March 10, 2011. [Entry #1].

Plaintiff's complaint stated claims of discrimination, hostile work environment, retaliation, and defamation. *Id.* The complaint also named Terry St. Peter, Dawn M. Moore, and Clayton D. Leishman as parties. *Id.* By order dated August 9, 2012, the Honorable Margaret B. Seymour, United States District Judge, dismissed St. Peter from

2

the case and dismissed Plaintiff's Title VII claims against Moore and Leishman. [Entry #119]. By order dated March 29, 2013, Judge Seymour substituted the United States in the place of defendants Moore and Leishman, dismissed Plaintiff's defamation claim against the United States, and dismissed Plaintiff's discrimination and hostile work environment claims against Defendant. [Entry #145]. As a result of Judge Seymour's prior orders in this case, Plaintiff's retaliation claim against Defendant is the only remaining claim.

II.     Discussion

    A.     Standards

Dismissal is appropriate under Fed. R. Civ. P. 12(b)(1) where the court lacks subject-matter jurisdiction. A motion to dismiss under Rule 12(b)(1) examines whether a complaint fails to state facts upon which jurisdiction can be founded. It is the plaintiff's burden to prove jurisdiction, and the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that

a reasonable jury could return a verdict for the nonmoving party." *Id*. At the summary judgment stage, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Id*. at 255.

A federal court must liberally construe pleadings filed by pro se litigants, to allow them to fully develop potentially meritorious cases. *See Cruz v. Beto*, 405 U.S. 319 (1972), and *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine dispute of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c).

B.    Analysis

In support of her retaliation claim, Plaintiff alleges 19 instances of conduct that she contends were retaliatory in nature. [Entry #1 at 3–6]. For ease of reference in this analysis, the retaliation claims alleged in the complaint are numbered as follows:

1. Leishman refused to approve eight hours of leave and subsequently charged Plaintiff as absent without leave ("AWOL").

2. Leishman removed Plaintiff from her position as Test Control Officer ("TCO").

3. In September 2009, Leishman proposed to Moore that Plaintiff be suspended for ten days without pay.

4. In March 2010, Leishman marked Plaintiff unsuccessful in several areas on her performance evaluation.

5. On or about December 7, 2009, Leishman attempted to damage Plaintiff's credibility with team leader, Gail Ravenel, by trying to convince her to write a memorandum for the record ("MFR") falsely claiming that Plaintiff was unaccounted for during a two-hour period.

6. In November 2010, Leishman conspired with Victor Palmer to propose a 14-day suspension of Plaintiff without contacting Plaintiff about her recollection of the incident underlying the proposed suspension.

7. In January and February 2011, Leishman issued an illegal, arbitrary order prohibiting Plaintiff from going to the BN area. When Plaintiff challenged the order, St. Peter condoned it.

8. On July 22, 2009, Moore directed Plaintiff to cease contacting her.

9. In July 2009, Moore directed Scott to be present at meetings between Plaintiff and Leishman.

10. On or about November 9, 2009, Moore imposed a 10-day suspension on Plaintiff.

11. In March 2010, Moore concurred with Leishman's unsatisfactory performance ratings of Plaintiff.

12. During sworn testimony to IRD Investigator Ross, Moore stated that Plaintiff did not submit a response to her proposed 10-day suspension.

13. On November 20, 2009, Moore conspired with other management officials to temporarily assign Plaintiff to a male supervisor, Victor Palmer, who allegedly has a reputation of being sexually discriminatory.

14. In November 2010, Moore conspired with Leishman and Palmer to propose another 14-day suspension of Plaintiff.

15. In January 2011, Moore returned Plaintiff to the supervision of Leishman.

16. On or about July 23, 2010, St. Peter continued Plaintiff's assignment under Palmer.

17. In November 2010, St. Peter conspired to serve Plaintiff with a proposed 14-day suspension without speaking with Plaintiff first regarding her recollection of the incident on which the suspension was based.

18. From December 10, 2010, through February 1, 2011, St. Peter did not respond to Plaintiff's rebuttal to the proposed 14-day suspension.

19. In January 2011, Moore returned Plaintiff to supervision of Leishman despite Plaintiff's request for a new supervisor.

[Entry #1 at 3–6 (the foregoing allegations are hereinafter referred to as "Allegation(s)")].

Relying on the summary of Plaintiff's retaliation claims in the EEOC's Decision, Defendant argues that Plaintiff has failed to exhaust her administrative remedies on most of her claims of retaliatory treatment. [Entries #141-1 at 15, #141-6 at 2–4]. Defendant's first argument properly rests on Fed. R. Civ. P. 12(b)(1). Defendant further argues that those claims that have been exhausted should be dismissed. *Id.* at 7, 10, 16–19. Defendant's second argument is more appropriately characterized as an argument for summary judgment under Fed. R. Civ. P. 56.

Plaintiff generally responds that she raised all of the claims in her "September 2009, December 2009, and September 2010 requests to amend the complaint" and in email messages to Moore, St. Peter, and agency representative Major Lawrence Lynch. [Entry #144 at 2]. In support, she attaches the alleged requests to amend the complaint, but no email correspondence. While Plaintiff specifically addresses Allegation 5, she fails to address any of the other Allegations. *Id.* at 2–3.

      1.     Motion to Dismiss

"Before filing suit under Title VII, a plaintiff must exhaust her administrative remedies by bringing a charge with the EEOC." *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000); *see also* 42 U.S.C. § 2000e–5(f)(1). Exhaustion of administrative remedies is a statutory prerequisite to properly invoke the jurisdiction of the federal court. *See, e.g., Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009) (stating that "a failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim"); *Davis v. N.C. Dep't of Corr.*, 48 F.3d 134, 140 (4th Cir. 1995) (stating

6

"that receipt of, or at least entitlement to, a right-to-sue letter is a jurisdictional prerequisite"); *see also* 42 U.S.C. § 2000e–5(f).

In the employment discrimination context, courts have interpreted statutory requirements to exhaust administrative remedies to mean that each discrete incident of discriminatory treatment must be administratively exhausted. *Martinez v. Potter*, 347 F.3d 1208, 1210 (10th Cir. 2003) (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 122 (2002)). The allegations contained in the administrative charge of discrimination generally limit the scope of any subsequent judicial complaint. *King v. Seaboard Coast Line R.R. Co.*, 538 F.2d 581, 583 (4th Cir. 1976) (stating that a subsequent civil suit "may encompass only the 'discrimination stated in the [EEOC] charge itself or developed in the course of a reasonable investigation of that charge'") (quoting *Equal Employment Opportunity Comm'n v. Gen. Elec. Co.*, 532 F.2d 359, 365 (4th Cir. 1976)).

Review of the EEOC Decision dated October 28, 2010, reveals that the EEOC addressed only Allegations 2, 3, 5 (in part), and 10 as incidents of retaliation. [Entry #141-6 at 2]. These Allegations will be addressed in detail below. Allegation 1, though pled as a discriminatory act at the EEOC level, was not plead as a retaliatory act. *Id.* Because Allegation 1 was not alleged or investigated as a retaliatory act at the administrative level, the undersigned recommends a finding that it has not been

exhausted as a claim of retaliation.[2]  *See Jones*, 551 F.3d at 300 (holding that the "scope of the plaintiff's right to file a federal lawsuit is determined by the charge's contents").

With regard to the remaining Allegations, Plaintiff contends that she amended her charge in September 2009, December 2009, and September 2010 to include them.[3] Plaintiff attached the three alleged amendment letters to her response brief.  The letters dated September 29, 2009, and December 17, 2009, both request that specific acts of retaliation be included in her charge, but they do not address the Allegations that Defendant asserts have not been properly exhausted.  [Entry #144-1 at 1–11].  The third document, dated September 27, 2010 ("Response Brief"), is Plaintiff's response in opposition to Defendant's motion that the EEOC issue a decision without a hearing.  *Id.* at 12.  It also includes a request that the administrative judge amend her complaint to include charges of sex discrimination and sexual harassment.  *Id.*  Although not styled as a request to amend Plaintiff's retaliation claim, the Response Brief asserts retaliatory actions corresponding to Allegations 4, 8, 11, 13, and 16.  *Id.* at 15, 17.

---

[2] Even if Allegation 1 had been administratively exhausted, the denial of annual leave in this instance does not appear to rise to the level of an adverse employment action because Plaintiff does not allege repeated denials and even notes that her request for sick leave during the same time period had been approved.  *See, e.g., Allen v. Potter*, 115 Fed. Appx. 854, 861 (7th Cir. 2004) (finding denials of annual leave to be nothing more than "a mere inconvenience" where Plaintiff was permitted to take leave, but not always on the precise day she requested).

[3] There is some factual dispute as to Plaintiff's alleged amendments because the Decision notes that Plaintiff amended her complaint on December 15, 2009, and March 2, 2010. [Entry #131-6 at 2–3].  However, this dispute does not affect the recommendations herein and the undersigned has adopted Plaintiff's version of the facts for purposes of analyzing the pending motion.

Pursuant to 29 C.F.R. § 1614.106(d), a complainant "may amend a complaint at any time prior to the conclusion of the investigation to include issues or claims like or related to those raised in the complaint." After requesting a hearing, "a complainant may file a motion with the administrative judge to amend a complaint to include issues or claims like or related to those raised in the complaint." *Id.*

Here, the EEOC issued the Report of Investigation on June 18, 2010. [Entry #111-18]. Thus, Plaintiff could no longer amend her charge as a matter of right after that date. In addition, because Plaintiff's Response Brief was in opposition to a motion that the EEOC issue a decision without a hearing, it is reasonable to infer that Plaintiff had requested a hearing on her charge, and was therefore required to file a motion in order to amend the charge. For these reasons, the undersigned recommends a finding that the Response Brief did not amend Plaintiff's charge to include Allegations 4, 8, 11, 13, and 16.

Although Plaintiff alleges that she amended her charge through email correspondence with DLI employees and an agency representative [Entry #144 at 2], she has failed to provide or reference the correspondence to which she refers. Thus, she has failed to demonstrate any additional amendments to her EEOC charge.

Because Allegations 4, 6–9, and 11–19 were not addressed by the EEOC and Plaintiff has failed to demonstrate that she amended her charge to include them, the undersigned recommends dismissing these claims pursuant to Fed. R. Civ. P. 12(b)(1). The undersigned notes, however, that Plaintiff has a second charge ("Second Charge") pending before the EEOC addressing some of the Allegations over which the court does

9

not now have subject matter jurisdiction. [Entry #141-2 at 1–10]. Thus, dismissing these Allegations in the present case does not foreclose future judicial review following a final order on the Second Charge.[4]

### 2. Motion for Summary Judgment

Plaintiff has properly exhausted Allegations 2, 3, 5, and 10. Because they are not subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(1), the undersigned analyzes them pursuant to Fed. R. Civ. P. 56.

To set forth a prima facie case of retaliation, Plaintiff must show that (1) she engaged in protected activity; (2) an adverse employment action was taken against her; and (3) there was a causal link between the protected activity and the adverse action. *Laber v. Harvey*, 438 F.3d 404, 432 (4th Cir. 2006). Once Plaintiff establishes the elements of her prima facie case, the burden shifts to Defendant to proffer evidence of a legitimate, non-discriminatory reason for taking the adverse employment action. *See Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 253 (1981). At that point, Plaintiff has the opportunity to prove that Defendant's legitimate, non-retaliatory reason is pretextual. *See Matvia v. Bald Head Island Mgmt.*, 259 F.3d 261, 271 (4th Cir. 2001).

---

[4] Although Plaintiff has not argued that she was not required to exhaust her claims of retaliation, such an argument would be unavailing here, where Plaintiff has filed a subsequent charge of discrimination that could (and does) include claims of retaliation that were not exhausted in her first charge. *See Fowler v. South Carolina Dept. of Corrections*, C/A No. 3:10-3230-JFA, 2013 WL 876407, at *3 (D.S.C. March 8, 2013) (finding that "where a Title VII plaintiff files successive charges of discrimination, retaliation that predated a subsequently filed charge of discrimination must be alleged in that subsequent charge") (citing *Smith v. Potter*, C/A No. 1:09-587, 2010 WL 5288183, at *10 (W.D.N.C. Dec. 17, 2010).

It is undisputed that Plaintiff engaged in protected activity when she made initial contact with the EEO office at the end of April 2009 and filed a complaint on July 24, 2009. The remainder of the analysis as to each remaining Allegation is set forth below.

### a. Allegations 3 and 10

Allegations 3 and 10 relate to Plaintiff's claim that Defendant retaliated against her by suspending her for ten days. Defendant previously moved for summary judgment on these Allegations in his motion filed on July 11, 2012 [Entry #111-1], and rests upon that briefing in support of the present motion.

Defendant does not dispute that Plaintiff can set forth a prima facie case of retaliation related to her 10-day suspension. *Id.* at 16. Therefore, the burden shifts to Defendant to set forth a legitimate, non-discriminatory reason for suspending her.

Defendant produced a legitimate, non-discriminatory reason for suspending Plaintiff by citing to the following incidents:

   a. Failing to secure a folder of answer sheets on July 6;

   b. Leaving answer sheets in the inbox when they should have been secured in a locked cabinet;

   c. Leaving a testing cabinet unlocked overnight on July 22;

   d. Yelling at Leishman when he attempted to discuss her leave request on July 24;

   e. Sending out a slanderous e-mail on July 25; and

   f. Failing to return the keys as requested on August 4.

[Entry #111-14]. The burden, therefore, shifts back to Plaintiff to show that Defendant's reasons for the suspension are pretextual. She has failed to meet this burden. Although

11

Plaintiff alleges in her complaint that the suspension was "based partly on false and unsubstantiated allegations made by Clayton Leishman and without consideration of the rebuttal submitted by the Plaintiff" [Entry #1 at 5], she has not submitted a copy of her rebuttal or otherwise specified which of the reasons were allegedly false and unsubstantiated. For these reasons, the undersigned recommends Defendant's motion for summary judgment be granted as to Plaintiff's claim of retaliation related to her ten-day suspension.

>            b.      Allegation 2

Allegation 2 asserts that Leishman retaliated against Plaintiff by removing her from her position as TCO. Defendant argues that Plaintiff cannot establish a prima facie claim of retaliation because relieving her of her TCO responsibilities was not a materially adverse employment action. [Entry #141-1 at 18].

A "reassignment can only form the basis of a valid Title VII claim if the plaintiff can show that the reassignment had some significant detrimental effect." *Boone v. Goldin*, 178 F.3d 253, 256 (4th Cir. 1999). "[A]bsent any decrease in compensation, job title, level of responsibility, or opportunity for promotion, reassignment to a new position commensurate with one's salary level does not constitute an adverse employment action even if the new job does cause some modest stress not present in the old position." *Id.* at 256–57. A mere change in an employee's job assignment, even if "less appealing to the employee, . . . does not constitute adverse employment action." *James v. Booz-Allen & Hamilton, Inc.*, 368 F.3d 371, 376 (4th Cir. 2004). Plaintiff fails to point to any

12

significant detrimental effect resulting from the removal of her TCO duties. Consequently, she has failed to establish a prima facie claim of retaliation.

Even if Plaintiff were able to establish a prima facie claim, Defendant has proffered a legitimate, non-discriminatory reason for removing her TCO duties. The record reflects that on August 17, 2009, one of Defendant's employees found a completed test answer sheet on a copy machine. [Entry #111-13 at 1]. After an internal investigation, Defendant determined that Plaintiff was the only employee who could have left the answer sheet on the copier. *Id.* Because reproducing completed answer sheets compromised the integrity of the testing process, Defendant rescinded Plaintiff's TCO appointment and discontinued her access to testing materials and student records. *Id.* at 1–2.

Plaintiff has failed to demonstrate that the reason offered by Defendant was pretextual. Rather, she admits in Allegation 2 that Leishman removed her from her position as TCO "for allegations substantiated only by his close personal friend and assistant supervisor, Branda Scott, and *one substantiated violation committed by the Plaintiff*." [Entry #1 at 3 (emphasis added)].

For the foregoing reasons, the undersigned recommends granting summary judgment as to Allegation 2.

### c.     Allegation 5

In Allegation 5, Plaintiff asserts that on or about December 7, 2009, Leishman attempted to damage her credibility by trying to convince her team leader to write an MFR falsely claiming that Plaintiff was unaccounted for during a two-hour period while

13

she was supposed to be on duty. Although Defendant argues this Allegation was not administratively exhausted [Entry #14-1 at 8], Plaintiff accurately responds that the Allegation was considered during the administrative process [Entry #144 at 2–3]. The Decision references Plaintiff's claim that "[o]n December 7, 2009, her supervisor [Leishman] came to Complainant's temporary duty" and attempted to damage her reputation and harass and retaliate against her. [Entry #141-6 at 3].[5]

While the undersigned finds Allegation 5 to be administratively exhausted, Plaintiff has failed to plead sufficient facts to support a prima facie claim of retaliation because she has not demonstrated any materially adverse employment action. In retaliation cases, a plaintiff may prevail on a showing "that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington Northern and Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (citations omitted). Plaintiff has failed to plead any adverse action other than one supervisor speaking to another supervisor about her. The undersigned concludes that a reasonable employee would not have been dissuaded from making or supporting a charge of discrimination based on the conduct alleged. *See Parsons v. Wynne*, 221 Fed. Appx. 197, 199, 2007 WL 731398, *1 (4th Cir. 2007) (finding adverse performance evaluation and change in work schedule not materially adverse actions); *Washington v. Norton*, C/A No. 3:04CV 104, 2007 WL 1417290, *4 (N.D. W. Va. May 11, 2007) ("Reprimanding an employee for unprofessional conduct or warning an employee about poor performance by

---

[5] It appears that the Decision does not include the full text of the claim.

letter . . . would not dissuade a worker from filing protected complaints."); *Zackrie v. Lockheed Martin, Corp.*, C/A No. RWT 04–1864, 2006 WL 2849767, *8 (D. Md. Oct. 2, 2006) (documenting areas for improvement and tracking absences insufficient to dissuade reasonable employee). Therefore, the undersigned concludes that Plaintiff has failed to state a retaliation claim based on Allegation 5.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that (1) Defendant's motion to dismiss [Entry #141] be granted in part (as to Allegations 4, 6–9, and 11–19) and denied in part (as to Allegations 2, 3, 5, and 10), and (2) Defendant's motion for summary judgment [Entry #141] be granted as to Allegations 2, 3, 5, and 10.

IT IS SO RECOMMENDED.

*/s/ Shiva V. Hodges*

July 11, 2013                                             Shiva V. Hodges
Columbia, South Carolina                     United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

15

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).