IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Vera Shepard Charlot, | ) | Civil Action No.: 3:11-00579-MBS |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Honorable Michael B. Donley, | ) | |
| Secretary | ) | **ORDER AND OPINION** |
| of the Air Force, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Vera Shepard Charlot ("Plaintiff") filed this action pro se against Defendants the Honorable Michael B. Donley ("Donley"), Secretary of the Air Force; Terry St. Peter ("St. Peter"); Dawn M. Moore ("Moore"); and Clayton D. Leishman ("Leishman") (collectively "Defendants"), alleging that she was subject to retaliation, discrimination, and a hostile work environment because of her race in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2000e-17. ECF No. 1. Plaintiff also asserts a state law claim for defamation. Id.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for pretrial handling.

I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The background facts in this matter are throughly discussed in the Magistrate Judge's Report and Recommendation issued on January 31, 2013. ECF No. 137 at 2-7. Upon careful review of the record, the court finds that the Magistrate Judge's factual summation is accurate. The court adopts this summary as its own, and will only reference facts pertinent to the analysis of Plaintiff's claims.

1

Since February 5, 2007, Plaintiff, an African-American female, has been employed as an Education and Training Technician for the Department of the Air Force's ("the agency") English Language Center in the Defense Language Institute ("DLIELC") at Fort Jackson, South Carolina. ECF No. 111-3 at 1. Plaintiff's job responsibilities are "to perform clerical, administrative, and training support duties directly related to the training functions of the English Language Training Program; support course instructors by performing a variety of administrative and technical tasks; create, update, and maintain student, faculty, and branch training records and files; prepare, update, create, and assemble training material documents and forms; and retrieve and disseminate information." ECF No. 111-18 at 3-4. During the relevant time period, Leishman, a white male, was Plaintiff's supervisor and Moore, a white female, was Leishman's supervisor and Plaintiff's second-line supervisor. ECF No. 111-3 at 1. St. Peter was the Deputy Commander of the Language Center. ECF No. 1-10 at 3.

On May 27, 2009, Plaintiff contacted an Equal Employment Opportunity ("EEO") counselor, alleging harassment and a hostile work environment based on her race. ECF No. 111-19 at 5. Plaintiff's matter remained unresolved and on July 24, 2009, Plaintiff filed a formal complaint of discrimination with the agency's EEO office, alleging harassment and a hostile work environment. ECF 111-18 at 1-3. On December 15, 2009 and March 2, 2010, Plaintiff amended her complaint to allege that she was retaliated against for filing an EEO complaint. ECF No. 111-19 at 5. The EEOC issued a Decision on Record on October 28, 2010. Id. at 1. In the decision, the EEOC concluded that Plaintiff was not subject to harassment, a hostile work environment, or retaliation. ECF No. 141-6 at 29. On December 9, 2010, the agency adopted the EEOC's decision as its "Final Order." ECF No. 1-3 at 2. Plaintiff timely commenced this action on March 10, 2011. ECF No. 1.

2

On October 11, 2011, Defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) ("Rule 12(b)(1)") for lack of subject matter jurisdiction with respect to Plaintiff's Title VII claims against Moore, St. Peter, and Leishman. ECF No. 42. On October 12, 2011, the Magistrate Judge issued an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) ("Roseboro Order", advising Plaintiff of the consequences if she failed to adequately respond to Defendants' motion to dismiss. ECF No. 45. Plaintiff responded to Defendants' motion to dismiss on November 17, 2011 and on January 10, 2012. ECF Nos. 56, 70. On March 20, 2012, the Magistrate Judge recommended that Defendants' motion to dismiss, ECF No. 42, be granted and Plaintiff's defamation claim be dismissed as preempted by Title VII. ECF No. 86.

Both Plaintiff and Donley[1] filed motions for summary judgment pursuant to Fed. R. Civ. P. 56 ("Rule 56 ") on July 11, 2012. ECF Nos. 111, 112. On July, 12, 2012, the Magistrate Judge issued a Roseboro Order advising Plaintiff of the summary judgment procedure and the possible consequences of failing to respond adequately. ECF No. 113. Plaintiff responded to Donley's Rule 56 motion on July 20, 2012, and Donley responded to Plaintiff's Rule 56 motion on July 30, 2012. ECF Nos. 116, 117.

On August 9, 2012, the court issued an order with respect to Defendants' Rule 12(b)(1) motion, ECF No. 42, that (1) dismissed the Title VII claims against Moore, Leishman, and St. Peter; (2) dismissed the defamation claim against St. Peter, but allowed the claim to remain against Moore and Leishman; and (3) dismissed St. Peter from the action as a Defendant. ECF No. 119.

---

[1] Donley's Rule 56 motion addressed Plaintiff's claims of race discrimination, a hostile work environment, and retaliation.

On September 20, 2012, the United States filed a motion/notice to substitute in the place of Moore and Leishman with regard to Plaintiff's defamation claim. ECF No. 128. The United States also filed a Rule 12(b)(1) motion to dismiss with respect to Plaintiff's defamation claim on September 20, 2012. ECF No. 129. On September 20, 2012, the Magistrate Judge issued a Roseboro Order advising Plaintiff of the consequences if she failed to adequately respond to the United States' motion to dismiss. ECF No. 130. Plaintiff responded to the United States' Rule 12(b)(1) motion on October 24, 2012, to which the United States replied on November 5, 2012. ECF Nos. 132, 133. The Magistrate Judge issued an order on January 31, 2013 recommending that (1) Donley's motion for summary judgment be granted in part and denied in part; (2) Plaintiff's motion for summary judgment be denied; (3) the United States' motion to substitute be granted; and (4) the United States' motion to dismiss Plaintiff's defamation claim be granted. ECF No. 137. On February 25, 2013, Donley filed a Rule 12(b)(1)/Rule 56 motion with respect to Plaintiff's retaliation claims. ECF No. 141. Plaintiff responded to Donley's Rule 12(b)(1)/Rule 56 on March 28, 2013. ECF No. 144.

On March 29, 2013, the court issued an order[2] that (1) substituted the United States in the place of Moore and Leishman; (2) dismissed the defamation claim against the United States; (3) denied Plaintiff's Rule 56 motion; (4) granted Donley's Rule 56 motion as to Plaintiff's race

---

[2] The court's order addressed both Plaintiff's and Donley's Rule 56 motions, ECF Nos. 111, 112; and the motion/notice to substitute and motion to dismiss of the United States, ECF Nos. 128, 129.

discrimination and hostile environment claims; and (5) denied Donley's Rule 56 motion as to Plaintiff's retaliation claim.[3] ECF No. 145.

Donley's Rule 12(b)(1)/Rule 56 motion, ECF No. 141, addresses the only remaining claims in this action, Plaintiff's retaliation claims. Plaintiff alleged 19 instances[4] of retaliation in her complaint. Plaintiff's retaliation claims ("Claim(s)") are as follows:

1. Leishman refused to approve Plaintiff's request for annual leave for June 2, 2009 and informed her he was charging her with being absent without leave ("AWOL"). ECF No. 1 at 3; ECF No. 111-3 at 14-15.

2. Leishman removed Plaintiff from her position as Test Control Officer ("TCO"). ECF No. 1 at 3.

3. On September 28, 2009, Leishman proposed to Moore that Plaintiff be suspended for ten days without pay. ECF No. 1 at 4; ECF No. 111-14.

4. In March 2010, Leishman marked the Plaintiff unsuccessful in several areas on her performance evaluation. ECF No. 1 at 4.

5. On or about December 7, 2009, Leishman attempted to damage Plaintiff's credibility with team leader Gail Ravenel ("Ravenel") by trying to convince her to write a memorandum for record ("MFR") falsely claiming that Plaintiff was unaccounted for two hours. Id.

6. In November 2010, Leishman conspired with Plaintiff's supervisor at that time, Victor Palmer, to convince Moore to propose a 14-day suspension of Plaintiff without contacting Plaintiff about her recollection of the incident underlying the proposed suspension. Id.

---

[3]

In his Rule 56 motion, ECF No. 111, Donley did not address all of Plaintiff's retaliation claims. Thus, the Magistrate Judge recommended granting summary judgment as to the retaliation claims Donley addressed. ECF No. 137 at 14. In response, Donley filed a Rule 12(b)(1)/ Rule 56 motion (the "retaliation response") in which he advanced arguments as to all of Plaintiff's retaliation claims. ECF No. 141. The court denied Donley's prior Rule 56 motion, ECF No. 111, with respect to Plaintiff's retaliation claims for the purpose of "avoid[ing] piecemeal adjudication of Plaintiff's claims for retaliation." ECF No. 145 at 18. The court recommitted the matter to the Magistrate Judge with instructions to consider Donley's retaliation response. Id.

[4]

Several of Plaintiff's claims appear to be identical.

7. On January 14, 2011 and February 16, 2011, Leishman issued an illegal, arbitrary order prohibiting Plaintiff from going to the 120th Battalion where she had previously been assigned (the "BN area"). When Plaintiff questioned the legality of the order, St. Peter condoned the order. Id.

8. On July 22, 2009, Moore directed Plaintiff to cease contacting her. Id.

9. In July 2009, Moore directed Branda Scott, a white female, to be present at meetings between Plaintiff and Leishman. Id. at 5.

10. On or about November 9, 2009, Moore imposed a ten day suspension on Plaintiff. Id.

11. In March 2010, Moore concurred with Leishman's unsatisfactory performance evaluation of Plaintiff. Id.

12. During sworn testimony to Investigation and Resolution Division ("IRD") Investigator Karen Moss, Moore stated that Plaintiff did not submit a response to her regarding the proposed ten day suspension. Id.

13. On November 20, 2009, Moore conspired with other DLIELC management officials to temporarily reassign Plaintiff to a male supervisor, Victor Palmer ("Palmer"), who, allegedly, had a reputation for sexual harassment and discrimination. Id.

14. In November 2010, Moore conspired with Leishman and Palmer to propose another 14-day suspension of Plaintiff.

15. On January 4, 2011, Moore returned Plaintiff to Leishman's supervision, despite her request for a new supervisor. Id.

16. On July 23, 2010, St. Peter continued Plaintiff's assignment under Palmer. Id.

17. In November 2010, St. Peter conspired with Moore, Leishman, and Palmer to serve Plaintiff with a proposed 14-day suspension. Id.

18. From December 10, 2010 through February 1, 2011, St. Peter did not respond to Plaintiff's rebuttal to the proposed 14-day suspension. Id.

19. On January 4, 2011, Moore returned Plaintiff to Leishman's supervision, despite her request for a new supervisor. Id. at 6.

6

This matter is before the court on Donley's Rule 12(b)(1)/ Rule 56 motion. ECF No. 141. On July 11, 2013, the Magistrate Judge issued a Report and Recommendation in which she recommended that the court grant in part and deny in part Donley's Rule 12(b)(1) motion, and grant Donley's Rule 56 motion. ECF No. 151. Plaintiff filed objections to the Report and Recommendation on August 28, 2013. ECF No. 157.

## II. STANDARD OF REVIEW

### A. Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court reviews de novo only those portions of the Magistrate Judge's Report and Recommendation to which specific objections are filed, and reviews those portions which are not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

### B. Dismissal for Lack of Jurisdiction Generally

A motion to dismiss for lack of subject matter jurisdiction raises the fundamental question of whether a court has jurisdiction to adjudicate the matter before it. Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006). A motion to dismiss for lack of subject matter jurisdiction can arise in two contexts: (1) when the moving party maintains that the complaint "fails to allege facts upon which subject matter jurisdiction can be based," or (2) when the moving party asserts that the "jurisdictional

7

allegations of the complaint [are] not true." Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). In the first situation, where the moving party asserts that the non-moving party has failed to allege facts establishing subject matter jurisdiction, the court must assume all the facts alleged in the complaint to be true. Id. In the second situation, where the moving party disputes the validity of the jurisdictional allegations in the complaint, the court may look beyond the complaint and consider other evidence, such as affidavits, depositions, and live testimony. Id. The burden of proof in that situation falls on the plaintiff to demonstrate subject matter jurisdiction. Id.

**C.     Summary Judgment**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect the disposition of the case under the applicable law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248–49 (1986). A genuine question of material fact exists where, after reviewing the record as a whole, the court finds that a reasonable jury could return a verdict for the nonmoving party. Newport News Holdings Corp. v. Virtual City Vision, Inc., 650 F.3d 423, 434 (4th Cir. 2011).

In ruling on a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990). The non-moving party may not oppose a motion for summary judgment with mere allegations or denials of the movant's pleading, but instead must "set forth specific facts" demonstrating a genuine issue for trial. Fed. R. Civ. P. 56(e); see Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986); Shealy v. Winston, 929 F.2d 1009, 1012 (4th Cir. 1991). All that is required is that "sufficient evidence supporting the

claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." Anderson, 477 U.S. at 249. "Mere unsupported speculation . . . is not enough to defeat a summary judgment motion." Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc., 53 F.3d 55, 62 (4th Cir. 1995). A party cannot create a genuine issue of material fact solely with conclusions in his or her own affidavit or deposition that are not based on personal knowledge. See Latif v. Cmty. Coll. of Baltimore, No. 08-2023, 2009 WL 4643890, at *2 (4th Cir. Dec. 9, 2009).

**D.    Liberal Construction of Pro Se Complaint**

Plaintiff brought this action pro se, which requires the court to liberally construe her pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972); Loe v. Armistead, 582 F.2d 1291, 1295 (4th Cir. 1978); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. Haines, 404 U.S. at 520. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390–91 (4th Cir. 1990).

**E.    Federal Employee Claims under Title VII**

The Title VII provision that applies to federal employers provides that "[a]ll personnel actions affecting employees . . . in executive agencies . . . shall be made free from any discrimination based on race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-16(a). "[T]his language prohibits discrimination in the federal workplace just as § 2000e-2 prohibits discrimination in the private work place." Caldwell v. Johnson, 286 F. App'x 579, 587 (4th Cir. 2008) (citing Wright v. Nat'l Archives & Records Svc., 609 F.2d 702, 705-06 (4th Cir. 1979)). "Although phrased

differently, [42 U.S.C. § 2000e-2 and 42 U.S.C. § 2000e-16(a) ] have generally been treated as comparable, with the standards governing private-sector [employment discrimination] claims applied to such claims brought by federal employees." Baqir v. Principi, 434 F.3d 733, 742 (4th Cir. 2006) (citing Page v. Bolger, 645 F.2d 227, 233 (4th Cir. 1981) (en banc)).

### 1. *Retaliation*

Title VII protects individuals from retaliation[5] by providing that it is an "unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, . . . or participated in any manner in an investigation . . . under this subchapter." 42 U.S.C. § 2000e-3(a). In the absence of direct evidence of retaliation, a plaintiff may rely on the indirect, burden-shifting method set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). See Price v. Thompson, 380 F.3d 209, 212 (4th Cir. 2004). Under McDonnell Douglas, the plaintiff must first prove a prima facie case of retaliation. See id. at 212. The burden then shifts to the employer to "establish a legitimate non-retaliatory reason for the action." Id. If the employer establishes a legitimate, non-retaliatory reason for the action, "the plaintiff then must show that the employer's proffered reasons are pretextual or his claim will fail." Id.

To demonstrate a prima facie case of retaliation under Title VII, a plaintiff must show "(1) that she engaged in protected activity; (2) that her employer took an adverse employment action against her; and (3) that a causal connection existed between the protected activity and the asserted

---

[5]

Title VII does not explicitly provide federal employees the right to bring a retaliation cause of action. See 42 U.S.C. § 2000e-16. However, Donley does not dispute, and the court therefore assumes, that a federal employee may pursue a retaliation claim under Title VII. See Baqir v. Principi, 434 F.3d 733, 747 n.16 (4th Cir. 2009) (assuming that a federal employee's retaliation claim was cognizable under Title VII).

adverse action." See Munday v. Waste Mgmt. of N. Am., Inc., 126 F.3d 239, 242 (4th Cir. 1997). As to the first element, "[o]pposition activity encompasses utilizing informal grievance procedures as well as staging informal protests and voicing one's opinions in order to bring attention to an employer's discriminatory activities." Laughlin v. Metro. Wash. Airports Auth., 149 F.3d 253, 259 (4th Cir. 1998). "As long as an employee complains to his or her employer or participates in an employer's informal grievance procedure in an orderly and nondisruptive manner, the employee's activities are entitled to protection under § 704's opposition clause." Kubicko v. Ogden Logistics Serv., 181 F.3d 544, 551 (4th Cir. 1999). A plaintiff meets the second element of this test if "a reasonable employee would have found the challenged action materially adverse," meaning that it "might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006). The third element of the test may be satisfied merely by close temporal proximity between the protected activity and the adverse employment action. See Clark Cnty. Sch. Dist. v. Breeden, 532 U.S. 268, 273 (2001).

**F.** **Exhaustion of Administrative Remedies**

As in the private sector, federal employees must exhaust their administrative remedies before pursuing a Title VII claim in federal court. See Laber v. Harvey, 438 F.3d 404, 415 (4th Cir. 2006). Specifically, a federal employee must first "initiate contact with a[n] [EEO] Counselor within 45 days of the date of the matter alleged to be discriminatory . . . ." 29 C.F.R. § 1614.105(a). If the matter remains unresolved after informal counseling, the complainant may file a formal complaint with his or her employing agency. See id. § 1614.105(d). The agency must then investigate the complaint and "provide the complainant with a copy of the investigative file." Id. § 1614.108(f). Upon receipt of the investigative file, the complainant has 30 days to "request a hearing and decision

11

from an administrative judge . . . ." Id. After the administrative judge issues a decision, the agency must issue a final order "notify[ing] the complainant whether or not the agency will fully implement the decision of the administrative judge . . . ." Id. § 1614.110(a). The complainant may then challenge the agency's final order in federal court. See id. § 1614.110(b).

In an employment discrimination suit, courts have found that each discrete incident of discriminatory treatment must be administratively exhausted. Martinez v. Potter, 347 F.3d 1208, 1210 (10th Cir. 2003) (citing Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 122 (2002). As a result, "'[t]he allegations contained in the administrative charge of discrimination generally operate to limit the scope of any subsequent judicial complaint.'" Chacko v. Patuxent Institution, 429 F.3d 505, 509 (4th Cir. 2005) (quoting Evans v. Technologies Applications & Serv. Co., 80 F.3d 954, 962-63 (4th Cir. 1996).

### III. DISCUSSION

Donley argues that Claims 1, 4-9, and 11-19 must be dismissed pursuant to Rule 12(b)(1) because Plaintiff failed to exhaust her administrative remedies with regard to these claims of retaliation. ECF No. 141-1 at 15; ECF No. 141-6 at 2-4. Donley contends that he should be granted summary judgment as to the claims he concedes were properly exhausted, Claims 2, 3, and 10.

In response, Plaintiff asserts that she exhausted her administrative remedies because she raised all of her claims in her three requests to amend her EEO complaint, submitted in September 2009, December 2009, and September 2010. Plaintiff also argues that she made requests to amend her claims in email correspondence with Moore, St. Peter, and agency representative Major Lawrence Lynch.

## A. The Magistrate Judge's Report and Recommendation

The Magistrate Judge first addressed Donley's Rule (12)(b)(1) motion to dismiss. The Magistrate Judge found that during the EEOC administrative process, Plaintiff pleaded Claim 1 as a discriminatory act and not as retaliation. The Magistrate Judge found that because Claim 1 was not alleged or investigated as retaliation during the administrative process, Claim 1 was not properly exhausted as a claim of retaliation. Accordingly, the Magistrate Judge recommended dismissing Claim 1.

Next, the Magistrate Judge addressed Plaintiff's contention that she amended her EEO complaint to include all of her claims. The Magistrate Judge observed that Plaintiff's letters, dated September 29, 2009 and December 17, 2009, included requests to amend her EEO complaint for certain acts of retaliation, but Plaintiff's letters did not address the claims Donley alleges have not been properly exhausted. The Magistrate Judge noted that Plaintiff's third document, dated September 27, 2010, was her response in opposition ("Opposition Brief") to the agency's motion for an EEOC decision without a hearing. The Magistrate Judge noted that Plaintiff's Opposition Brief included a request to amend her EEO complaint to include claims of sex discrimination and sexual harassment. The Magistrate Judge further found that while "not styled as a request to amend Plaintiff's retaliation claim, the [Opposition Brief] asserts retaliatory actions corresponding to [Claims] 4, 8, 11, 13, and 16." ECF No. 151 at 8.

Further addressing Plaintiff's Opposition Brief, the Magistrate Judge noted that Plaintiff could no longer amend her EEO complaint as a matter of right after the agency completed its investigation on June 18, 2010. See 29 C.F.R. § 1614.106(d) (providing that "[a] complainant may amend a complaint at any time prior to the conclusion of the investigation to include issues or

13

claims like or related to those raised in the complaint."). The Magistrate Judge found that "because [Plaintiff's Opposition Brief] was in [response] to [the agency's] motion that the EEOC issue a decision without a hearing, it is reasonable to infer that Plaintiff had requested a hearing on her [EEO complaint], and was therefore required to filed a motion in order to amend her [EEO complaint]." ECF No. 151 at 9; see 29 C.F.R. § 1614.106(d) (providing that "[a]fter requesting a hearing, a complainant may file a motion with the administrative judge to amend a complaint to include issues or claims like or related to those raised in the complaint."). Thus, the Magistrate Judge found that Plaintiff's EEO complaint was not amended to include Claims 4, 8, 11, 13, and 16. The Magistrate Judge also observed that Plaintiff failed to provide correspondence to support her claim that she amended her EEO complaint with DLIELC employees and an agency representative through email correspondence. Finally, the Magistrate Judge concluded that Claims 4, 6-9, and 11-19 should be dismissed because these claims were not addressed in the EEOC's administrative process and Plaintiff failed to demonstrate that she amended her EEO complaint to include them.

The Magistrate Judge analyzed Claims 2, 3, 5, and 10 pursuant to Rule 56. First, the Magistrate Judge addressed Claims 3 and 10 in which Plaintiff alleges Donley retaliated against her by placing her on a ten day suspension. The Magistrate Judge observed that Donley "previously moved for summary judgment on these [Claims] in his motion filed on July 11, 2012 . . ., and rests upon that briefing in support of the present motion." ECF No. 151 at 11. The Magistrate Judge found that because Donley did not dispute Plaintiff's prima facie case of retaliation, the burden shifts back to Donley to set forth a legitimate, non-discriminatory reason for the suspension. To meet this burden, Donley contends that Plaintiff was suspended for (1) failing to secure a folder of answer sheets on July 6, 2009; (2) leaving answer sheets in the inbox instead of securing them in a locked

cabinet on July 16, 2009; (3) leaving a testing cabinet unlocked overnight on July 22, 2009; (4) shouting at Leishman when he attempted to discuss her leave request on July 24, 2009; (5) sending slanderous emails on July 25, 2009; and (6) failing to return the keys as requested on August 4, 2009. ECF No. 111-14 at 1-2. The Magistrate Judge found that Donley had set forth a legitimate, non-discriminatory reason for Plaintiff's suspension. After noting that the burden shifted back to Plaintiff to show Donley's reasons are pretexual, the Magistrate Judge determined that Plaintiff failed to meet her burden. In reaching this determination, the Magistrate Judge noted that while Plaintiff contends that the suspension was based, in part, upon unsubstantiated allegations and without consideration of her rebuttal, Plaintiff failed to submit "a copy of her rebuttal or otherwise specif[y] which of the reasons were allegedly false and unsubstantiated." ECF No. 151 at 12. Accordingly, the Magistrate Judge recommended that Donley's motion for summary judgment be granted as to this issue.

Next, the Magistrate Judge addressed Claim 2 in which Plaintiff contends that Leishman retaliated against her by removing her from the TCO position. The Magistrate Judge agreed with Donley that "Plaintiff cannot establish a prima facie case of retaliation because relieving her of her TCO responsibilities was not a materially adverse employment action." Id. In support of her conclusion, the Magistrate Judge found that Plaintiff failed to identify any significant detrimental effects that resulted from her reassignment. See Boone v. Goldin, 178 F.3d 253, 256 (4th Cir. 1999) (holding that a "reassignment can only form the basis of a valid Title VII claim if the plaintiff can show that the reassignment had some significant detrimental effect."). Consequently, the Magistrate Judge recommended granting Donley's motion for summary judgment with regard to this issue.

Finally, the Magistrate Judge addressed Claim 5 in which Plaintiff avers that Leishman attempted to damage her credibility with Ravenel. Specifically, Plaintiff contends that Leishman

15

tried to convince Ravenel to write an MFR falsely claiming that Plaintiff was unaccounted for two hours during her work period. The Magistrate Judge first addressed Donley's contention that Plaintiff failed to administratively exhaust Claim 5. The Magistrate Judge agreed with Plaintiff that this claim was properly exhausted because it was referenced in the EEOC's Decision on Record. Turning to the merits of the claim, the Magistrate Judge found that Plaintiff did not demonstrate "any materially adverse employment activity." ECF No. 151 at 14. More specifically, the Magistrate Judge observed that "Plaintiff has failed to plead any adverse action other than one supervisor speaking to another supervisor about her." Id. Further, the Magistrate Judge concluded that the alleged conduct would not dissuade a reasonable employee from filing a charge of discrimination. See Burlington Northern & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006) (holding that plaintiff must show that a reasonable employee would find the challenged action materially adverse, which means that it would dissuade a reasonable employee from filing a charge of discrimination). Accordingly, the Magistrate Judge recommended granting Donley's motion for summary judgment as to this issue.

## B. Plaintiff's Objections to the Report and Recommendation[6]

Plaintiff contends that the Magistrate Judge should not have granted Donley's motion to dismiss and motion for summary judgment because her evidence established a pattern of retaliation. Plaintiff argues that Leishman was motivated to retaliate against her because she (1) filed an EEO

---

[6] In addition to her objections, Plaintiff also requests that the court consider her motion, ECF No 127, in which she requests that the court reconsider the Magistrate Judge's order, ECF No. 123, granting Defendants' Motion for Extension of Time to Answer the Complaint. ECF No. 122. Upon review of Plaintiff's arguments, the court finds that her request is without merit. The court will not disturb a Magistrate Judge's non-dispositive pre-trial ruling unless the ruling was "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Plaintiff has not met this standard. Accordingly, her motion, ECF No. 127, is **DENIED**.

complaint; (2) submitted a Congressional Inquiry to Congressman John Spratt and a complaint to the Inspector General for the Army concerning mistreatment of and discrimination against soldiers; and (3) reported Leishman's alleged inappropriate actions to the Air Force commander. Plaintiff next asserts that Leishman committed an illegal act by changing a student's score from passing to failing.

Plaintiff also argues that she exhausted all of her claims because she presented them in the complaint she filed with the court and in requests to amend her EEO complaint. Plaintiff further contends that the Magistrate Judge ignored her rebuttal to the proposed ten day suspension, Claims 3 and 10. In addition, Plaintiff asserts that the Magistrate Judge ignored evidence that Moore failed to consider her rebuttal to the ten day suspension. Further, Plaintiff asserts that Moore's sworn testimony that she "did not get anything from [Plaintiff]" in response to the proposed ten day suspension is evidence of Moore's retaliation against her. ECF No. 140-1 at 34. In support of this assertion, Plaintiff contends that she sent Moore an email dated October 1, 2009, which included a copy of her rebuttal. Plaintiff avers that she received two "read" receipts in her email, acknowledging Moore's receipt of her rebuttal. Based upon her evidence, Plaintiff urges the court to deny Donley's motion to dismiss and motion for summary judgment as to her retaliation claims.

### C. **The Court's Review**

#### *1.    Motion to Dismiss*

As to Claims 1, 4, 6-9, and 11-19, the Magistrate Judge determined that the EEOC did not address these claims during the administrative process. Moreover, Plaintiff did not file a motion to amend her EEO complaint to include these claims; rather, Plaintiff raised retaliatory claims in her Opposition Brief in response to the agency's motion for a decision without a hearing. Further, the

court agrees with the Magistrate Judge that in response to Donley's motion to dismiss, Plaintiff failed to submit evidence in support of her assertion that she amended her charge through email correspondence with various employees and officials. In her objections, Plaintiff again failed to submit evidence of the email correspondence. However, the Fourth Circuit has held that, unlike a substantive Title VII claim, "a plaintiff may raise the retaliation claim for the first time in federal court." Nealon v. Stone, 958 F.2d 584, 590 (4th Cir. 1992). The Fourth Circuit further explained that it "is the inevitable corollary of our generally accepted principle that the scope of a Title VII lawsuit may extend to any kind of discrimination like or related to allegations contained in the charge and growing out of such allegations during the pendency of the case before the Commission." Id. (internal quotation marks and citation omitted). Therefore, Plaintiff did not need to exhaust her retaliation claims. Accordingly, Donley's motion to dismiss is denied with regard to Claims 1, 4, 6-9, and 11-19.

### 2. *Motion for Summary Judgment*

Plaintiff does not address in her objections the Magistrate Judge's recommendations as to Claim 2 (her removal from the TCO position) and Claim 5 (Leishman's attempt to damage her credibility with Ravenel). Instead, Plaintiff makes one passing reference to Claims 2 and 5 for the purpose of asking the court to deny Donley's motion. The court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982). Nevertheless, after thoroughly reviewing the record and applicable law, the court agrees with the Magistrate Judge's conclusion. Accordingly, Donley's motion for summary judgment is granted as to Claims 2 and 5.

Plaintiff addressed Claims 3 and 10 (the ten day suspension) in her objections. Although Plaintiff contends that the Magistrate Judge "ignored" her rebuttal to the proposed suspension and evidence that Moore did not consider her rebuttal, Plaintiff did not submit this information in her response to Donley's present motion. However, Plaintiff did submit this evidence in her objections.

The court concludes that Plaintiff failed to submit sufficient evidence to prove that Donley's articulated reasons for the ten day suspension were a pretext for retaliation. In her rebuttal to the proposed suspension, Plaintiff offers no evidence beyond her own denials of the evidence against her and assertions that Leishman "set [her] up." ECF No. 140-1 at 30. In addition, Plaintiff's email communications demonstrate her refusal to follow instructions, which, in part, was the basis for her suspension. For example, in her response to Leishman's email, dated August 4, 2009, in which he requests that she return keys to him to safeguard testing materials, Plaintiff stated the following: "I refuse to surrender the keys that you presented to me as a part of my job as TCO without justification." ECF No. 111-12 at 2. Also, while Plaintiff alleges that Moore did not consider her rebuttal to the proposed suspension, Plaintiff signed and acknowledge her receipt of Moore's Notice of Decision to Suspend for Ten Calendar Days (the "decision to suspend"). ECF No. 111-15 at 2. In the decision to suspend, Moore explained the steps she took to determine the appropriate penalty as follows: "In determining the severity of the proposed penalty for the current offense, I have reviewed the facts and circumstances in this case including your written response dated 1 Oct 09." Id. at 1. Although Moore testified that she did not receive Plaintiff's rebuttal, her testimony does not establish that Donley's articulated reasons are pretext for retaliation. Accordingly, Donley's motion for summary judgment is granted as to Claims 3 and 10.

## IV. CONCLUSION

Upon careful consideration of the entire record, the court agrees with the recommendation of the Magistrate Judge. Donley's motion to dismiss for failure to exhaust administrative remedies is **DENIED** with respect to Plaintiff's retaliation Claims 1, 4, 6-9, and 11-19. Donley's motion for summary judgment is granted as to Plaintiff's retaliation Claims 2, 3, 5, and 10. The case is recommitted to the Magistrate Judge for additional pretrial handling.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina
September 30, 2013