## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## COLUMBIA DIVISION

| | |
|---|---|
| Vera Shepard Charlot, ) | Civil Action No.: 3:11-00579-MBS |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| Honorable Michael B. Donley, ) | |
| Secretary ) | **ORDER AND OPINION** |
| of the Air Force, et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Vera Shepard Charlot ("Plaintiff") filed this action pro se against Defendants the Honorable Michael B. Donley ("Donley"), Secretary of the Air Force; Terry St. Peter ("St. Peter"); Dawn M. Moore ("Moore"); and Clayton D. Leishman ("Leishman") (collectively "Defendants"), alleging that she was subject to retaliation, discrimination, and a hostile work environment because of her race in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2000e-17. ECF No. 1. Plaintiff also asserts a state law claim for defamation. Id. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for pretrial handling.

The background facts in this matter are throughly discussed in the Magistrate Judge's Report and Recommendation issued on January 31, 2013. ECF No. 137 at 2-7. Upon careful review of the record, the court finds that the Magistrate Judge's factual summation is accurate. The court adopts this summary as its own, and will only reference facts pertinent to the matter before the court. On September 30, 2013, the court issued an order, setting forth the extensive procedural history of this case as follows:

1

Since February 5, 2007, Plaintiff, an African-American female, has been employed as an Education and Training Technician for the Department of the Air Force's ("the agency") English Language Center in the Defense Language Institute ("DLIELC") at Fort Jackson, South Carolina. ECF No. 111-3 at 1. Plaintiff's job responsibilities are "to perform clerical, administrative, and training support duties directly related to the training functions of the English Language Training Program; support course instructors by performing a variety of administrative and technical tasks; create, update, and maintain student, faculty, and branch training records and files; prepare, update, create, and assemble training material documents and forms; and retrieve and disseminate information." ECF No. 111-18 at 3-4. During the relevant time period, Leishman, a white male, was Plaintiff's supervisor and Moore, a white female, was Leishman's supervisor and Plaintiff's second-line supervisor. ECF No. 111-3 at 1. St. Peter was the Deputy Commander of the Language Center. ECF No. 1-10 at 3.

On May 27, 2009, Plaintiff contacted an Equal Employment Opportunity ("EEO") counselor, alleging harassment and a hostile work environment based on her race. ECF No. 111-19 at 5. Plaintiff's matter remained unresolved and on July 24, 2009, Plaintiff filed a formal complaint of discrimination with the agency's EEO office, alleging harassment and a hostile work environment [based on race]. ECF 111-18 at 1-3. On December 15, 2009 and March 2, 2010, Plaintiff amended her complaint to allege that she was retaliated against for filing an EEO complaint. ECF No. 111-19 at 5. The EEOC issued a Decision on Record on October 28, 2010. Id. at 1. In the decision, the EEOC concluded that Plaintiff was not subject to harassment, a hostile work environment, or retaliation. ECF No. 141-6 at 29. On December 9, 2010, the agency adopted the EEOC's decision as its "Final Order." ECF No. 1-3 at 2. Plaintiff timely commenced this action on March 10, 2011. ECF No. 1.

On October 11, 2011, Defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) ("Rule 12(b)(1)") for lack of subject matter jurisdiction with respect to Plaintiff's Title VII claims against Moore, St. Peter, and Leishman. ECF No. 42. On October 12, 2011, the Magistrate Judge issued an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) ("Roseboro Order"), advising Plaintiff of the consequences if she failed to adequately respond to Defendants' motion to dismiss. ECF No. 45. Plaintiff responded to Defendants' motion to dismiss on November 17, 2011 and on January 10, 2012. ECF Nos. 56, 70. On March 20, 2012, the Magistrate Judge recommended that Defendants' motion to dismiss, ECF No. 42, be granted and Plaintiff's defamation claim be dismissed as preempted by Title VII. ECF No. 86.

2

Both Plaintiff and Donley[1] filed motions for summary judgment pursuant to Fed. R. Civ. P. 56 ("Rule 56 ") on July 11, 2012. ECF Nos. 111, 112. On July, 12, 2012, the Magistrate Judge issued a Roseboro Order advising Plaintiff of the summary judgment procedure and the possible consequences of failing to respond adequately. ECF No. 113. Plaintiff responded to Donley's Rule 56 motion on July 20, 2012, and Donley responded to Plaintiff's Rule 56 motion on July 30, 2012. ECF Nos. 116, 117.

On August 9, 2012, the court issued an order with respect to Defendants' Rule 12(b)(1) motion, ECF No. 42, that (1) dismissed the Title VII claims against Moore, Leishman, and St. Peter; (2) dismissed the defamation claim against St. Peter, but allowed the claim to remain against Moore and Leishman; and (3) dismissed St. Peter from the action as a Defendant. ECF No. 119.

On September 20, 2012, the United States filed a motion/notice to substitute in the place of Moore and Leishman with regard to Plaintiff's defamation claim. ECF No. 128. The United States also filed a Rule 12(b)(1) motion to dismiss with respect to Plaintiff's defamation claim on September 20, 2012. ECF No. 129. On September 20, 2012, the Magistrate Judge issued a Roseboro Order advising Plaintiff of the consequences if she failed to adequately respond to the United States' motion to dismiss. ECF No. 130. Plaintiff responded to the United States' Rule 12(b)(1) motion on October 24, 2012, to which the United States replied on November 5, 2012. ECF Nos. 132, 133. The Magistrate Judge issued an order on January 31, 2013 recommending that (1) Donley's motion for summary judgment be granted in part and denied in part; (2) Plaintiff's motion for summary judgment be denied; (3) the United States' motion to substitute be granted; and (4) the United States' motion to dismiss Plaintiff's defamation claim be granted. ECF No. 137. On February 25, 2013, Donley filed a Rule 12(b)(1)/Rule 56 motion with respect to Plaintiff's retaliation claims. ECF No. 141. Plaintiff responded to Donley's Rule 12(b)(1)/Rule 56 [motion] on March 28, 2013. ECF No. 144.

On March 29, 2013, the court issued an order[2] that (1) substituted the United States in the place of Moore and Leishman; (2) dismissed the defamation claim against the United States; (3) denied Plaintiff's Rule 56 motion; (4) granted Donley's Rule 56 motion as to Plaintiff's race discrimination and hostile environment claims;

---

[1]

Donley's Rule 56 motion addressed Plaintiff's claims of race discrimination, a hostile work environment, and retaliation.

[2]

The court's order addressed both Plaintiff's and Donley's Rule 56 motions, ECF Nos. 111, 112; and the motion/notice to substitute and motion to dismiss of the United States, ECF Nos. 128, 129.

and (5) denied Donley's Rule 56 motion as to Plaintiff's retaliation claim.[3]  ECF No. 145.

ECF No. 158 at 2-5.  Further, on July 11, 2013, the Magistrate Judge issued a Report and Recommendation in which she recommended that the court grant in part and deny in part Donley's Rule 12(b)(1) motion, and grant Donley's Rule 56 motion.  ECF No. 151.  Plaintiff filed objections to the Report and Recommendation on August 28, 2013.  ECF No. 157.  By order filed September 30, 2013 (the "order and opinion"), the court denied in part and granted in part Donley's motion to dismiss/motion for summary judgment (ECF No. 141).  ECF No. 158.  Plaintiff then filed several motions before the Magistrate Judge, specifically:  motion to vacate and motion to disqualify judge filed on October 18, 2013 (ECF No. 163); and motion for reconsideration of order and opinion filed on October 29, 2013 (ECF No. 165).

As a result of the court's prior orders, the only remaining claims in this case are Plaintiff's retaliation claims 1, 4, 6-9, and 11-19 against Donley.  Plaintiff's remaining retaliation claims ("Claim(s)") are as follows:

1. Leishman refused to approve Plaintiff's request for annual leave for June 2, 2009 and informed her he was charging her with being absent without leave ("AWOL").  ECF No. 1 at 3; ECF No. 111-3 at 14-15.

4. In March 2010, Leishman marked the Plaintiff unsuccessful in several areas on her performance evaluation.  ECF No. 1 at 4.

---

[3] In his Rule 56 motion, ECF No. 111, Donley did not address all of Plaintiff's retaliation claims.  Thus, the Magistrate Judge recommended granting summary judgment as to the retaliation claims Donley addressed. ECF No. 137 at 14.  In response, Donley filed a Rule 12(b)(1)/ Rule 56 motion (the "retaliation response") in which he advanced arguments as to all of Plaintiff's retaliation claims.  ECF No. 141.  The court denied Donley's prior Rule 56 motion, ECF No. 111, with respect to Plaintiff's retaliation claims for the purpose of "avoid[ing] piecemeal adjudication of Plaintiff's claims for retaliation."  ECF No. 145 at 18.  The court recommitted the matter to the Magistrate Judge with instructions to consider Donley's retaliation response.  Id.

6. In November 2010, Leishman conspired with Plaintiff's supervisor at that time, Victor Palmer, to convince Moore to propose a 14-day suspension of Plaintiff without contacting Plaintiff about her recollection of the incident underlying the proposed suspension. Id.

7. On January 14, 2011 and February 16, 2011, Leishman issued an illegal, arbitrary order prohibiting Plaintiff from going to the 120th Battalion where she had previously been assigned (the "BN area"). When Plaintiff questioned the legality of the order, St. Peter condoned the order. Id.

8. On July 22, 2009, Moore directed Plaintiff to cease contacting her. Id.

9. In July 2009, Moore directed Branda Scott, a white female, to be present at meetings between Plaintiff and Leishman. Id. at 5.

11. In March 2010, Moore concurred with Leishman's unsatisfactory performance evaluation of Plaintiff. Id.

12. During sworn testimony to Investigation and Resolution Division ("IRD") Investigator Karen Moss, Moore stated that Plaintiff did not submit a response to her regarding the proposed ten day suspension. Id.

13. On November 20, 2009, Moore conspired with other DLIELC management officials to temporarily reassign Plaintiff to a male supervisor, Victor Palmer ("Palmer"), who, allegedly, had a reputation for sexual harassment and discrimination. Id.

14. In November 2010, Moore conspired with Leishman and Palmer to propose another 14-day suspension of Plaintiff. Id.

15. On January 4, 2011, Moore returned Plaintiff to Leishman's supervision, despite her request for a new supervisor. Id.

16. On July 23, 2010, St. Peter continued Plaintiff's assignment under Palmer. Id.

17. In November 2010, St. Peter conspired with Moore, Leishman, and Palmer to serve Plaintiff with a proposed 14-day suspension. Id.

18. From December 10, 2010 through February 1, 2011, St. Peter did not respond to Plaintiff's rebuttal to the proposed 14-day suspension. Id.

5

> 19. On January 4, 2011, Moore returned Plaintiff to Leishman's supervision, despite her request for a new supervisor. Id. at 6.

This matter is before the court on Donley's motion for summary judgment filed November 1, 2013. ECF No. 168. By Roseboro Order filed November 4, 2013, Plaintiff was advised of the summary judgment procedure and the possible consequence of failing to respond adequately. ECF No. 170. Plaintiff filed a response in opposition on December 9, 2013. ECF No. 175.

On February 19, 2014, the Magistrate Judge issued a Report and Recommendation. ECF No. 176. The Magistrate Judge throughly reviewed the extensive record in this case and the applicable law and determined that Plaintiff failed to establish her claims of retaliation. Accordingly, the Magistrate Judge recommended that Donley's motion for summary judgment be granted. On March 10, 2014, Plaintiff filed objections to the Report and Recommendation, and a supplemental affidavit and motion to disqualify judge. ECF Nos. 178, 179.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court reviews de novo only those portions of the Magistrate Judge's Report and Recommendation to which specific objections are filed, and reviews those portions which are not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

In her objections, Plaintiff generally reiterates the allegations of her response in opposition. The court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982). Nevertheless, after thoroughly reviewing the record and applicable law, the court concurs in the Magistrate Judge's Report and Recommendation and incorporates it herein by reference.[4] Accordingly,

Donley's motion for summary judgment (ECF No. 168) is **granted**. Plaintiff's motions (ECF Nos. 163, 165, and 179) are **denied**.

**IT IS SO ORDERED.**

 s/ Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina
March 31, 2014

---

[4] While not contrary to the Magistrate Judge's ultimate, and proper, conclusion, the court clarifies an issue raised in Plaintiff's objections. With regard to Claim 1, the Magistrate Judge found that Plaintiff's alleged fear of retaliation was premature because the June 2, 2009 AWOL took place before she filed her administrative complaint. Plaintiff filed her formal EEO complaint on July 24, 2009. Plaintiff, however, states that the relevant date is not the filing of her formal complaint, but rather the date she first contacted an EEO counselor, May 27, 2009. See ECF No. 168-4 at 5. Plaintiff's argument has merit. The Fourth Circuit has recognized that a plaintiff's "informal contacts with the EEO and informal complaints are . . . protected activities if the accused person or entity knew about them." Hooven-Lewis v. Caldera, 249 F.3d 259, 273 (4th Cir. 2001). In this regard, Plaintiff asserts that prior to contacting the EEO counselor, she informed "Leishman of her intent to file the EEO complaint." ECF No. 178 at 3. Even assuming Leishman was aware of the complaint, Donley, for purposes of this motion, conceded that Plaintiff met the first (protected activity) and third elements of a prima facie case. And, in any event, the Magistrate Judge reached the proper conclusion, specifically, Plaintiff failed to establish any of her retaliation claims.

7